# Richmond

## CLINCHFIELD COAL COMPANY v. LUTHER M. KINCAID.

June 13, 1975.

Record No. 741191.

Present, I'Anson, C.J., Carrico, Harrison, Harman, Poff and Compton, JJ.

*J. Thomas Fowlkes* (*Penn, Stuart & Eskridge,* on brief), for appellant.

*Dennis E. Jones* (*White, Elliott & Bundy*, on brief), for appellee.

Per Curiam.

The sole issue in controversy is whether Luther M. Kincaid filed his claim with the Industrial Commission of Virginia within one year from the date that a diagnosis was first communicated to him that he had sustained a loss of hearing. It is admitted that he sustained the loss as a result of excessive noise encountered during the course of his employment by Clinchfield Coal Company. Kincaid's application for a hearing was filed with the Industrial Commission on March 8, 1974, and in it he gave April 1, 1973, as the date of accident.

In an opinion by Commissioner Evans it is stated that: "Claimant noticed a diminution in his hearing ability and underwent medical examinations during January and March of 1973. On April 1, 1973, he was advised that he had a hearing loss which, in the opinion of the attending physician, was attributable to the noise encountered in

his employment." An award was entered by the Commission on behalf of Kincaid, and it was affirmed on review by the full Commission.

The record in this case consists of Kincaid's application for a hearing, his testimony, a letter from Dr. Nelson E. Lake, and a report of an audiological and hearing aid evaluation. Kincaid testified that he noticed a loss of hearing "last February, I believe it was, in '73". He said that he first went to see Dr. W. A. Davis, of Dante, Virginia, who referred him to Drs. Crockett and Link, otolaryngology specialists in Bristol, Tennessee. He said that Dr. Crockett examined him "around the last of February of '73; around the 27th, I believe it was, if I'm not mistaken"; that Dr. Crockett told him that he had over 40% loss of hearing; and that he was then referred to William F. Overbey, clinical audiologist at the Bristol Regional Speech and Hearing Center. Kincaid said that Overbey ran him "through the same tests as Dr. Crockett. . . . he told me about the same thing . . ." and fitted him with a hearing aid. Overbey's report of his audiological and hearing aid evaluation of Kincaid is dated March 5, 1973, and states that the evaluation was done on March 1, 1973.

Dr. Link wrote that he saw Kincaid on January 30, 1973, "for the chief complaint of being hard of hearing. . . . and it was my opinion that his hearing difficulty was noise induced".

A careful search of the record fails to substantiate the finding of fact by the Commission that it was on April 1, 1973, that Kincaid was first advised that he had a hearing loss. There is no evidence that Kincaid was seen or examined by anyone after his March 1, 1973 examination by Overbey at the Center. No satisfactory explanation has been given why April 1, 1973, was reported by Kincaid as the date of the accident. Whether we accept Dr. Link's date of January 30, 1973, or Kincaid's recollection of an examination by Dr. Crockett in February, 1973, it is clear that the occupational loss of hearing was diagnosed by one of these physicians prior to March 1, 1973, and that Kincaid was so advised. Further, the record is also clear that after the diagnosis was made by physicians and when Kincaid was seen at the Center on March 1, 1973, a hearing aid was prescribed for him and arrangements were made for the aid to be ordered and fitted. Copies of Overbey's March 5, 1973 report were sent to Dr. Link, Dr. Davis and Kincaid's union representative.

Under the Virginia Workmen's Compensation Act, the right to compensation for an occupational disease such as a hearing loss is

forever barred unless a claim be filed with the Industrial Commission within one year after a diagnosis thereof is first communicated to the employee. *See* Code §§ 65.1-52 and 65.1-56 (17). The requirement that such a claim be filed within the statutory period is jurisdictional and the burden is upon a claimant to prove that he has complied with the statute. *Anderson* v. *Clinchfield Coal Co.*, 214 Va. 674, 204 S.E.2d 257 (1974). *See also Coal Company* v. *Pannell*, 203 Va. 49, 122 S.E.2d 666 (1961).

Accordingly, for failure on the part of Kincaid to establish that his claim was timely filed, the award entered by the Commission will be vacated and his application dismissed.

*Reversed and dismissed.*