■ In the Matter of the Claim of UGO MARIANI, Respondent, v. HELENA RUBINSTEIN, INC., et al., Appellants, and GLOBE INDEMNITY Co., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant's total disablement from pneumoconiosis is undisputed and the controversy is as to the carrier liable for compensation. The board found the date of disablement to be September 13, 1957, that being the date on which claimant last worked. The board found, also, that claimant was exposed to talc dust, the causative agent, until that time. Appellant Hartford, which was on the risk on September 13, 1957, and for seven years prior thereto, contends that liability must be imposed on respondent Globe, which was the carrier when on August 9, 1947 claimant first received medical attention, following which Globe was (in apparent error of law) directed to and did pay medical bills for some time. There was ample evidence of claimant's injurious exposure to talc dust in the employer's plant at Long Island City until 1952 and some evidence of continued exposure, which the board was entitled to accept, in the employer's East Hills plant from 1952 on; and since claimant remained in the same employ and since appellant Hartford was on the risk at all times from 1950 on, it is not particularly important whether or not the exposure at East Hills was injurious, as Hartford's liability, as the last carrier on the risk, is clear in either case, under section 44-a of the Workmen's Compensation Law (*Matter of Trentin* v. *Civetta Contr.*, 10 A D 2d 745), which section is retroactive (*Matter of Mlodozeniec* v. *Worthington Corp.*, 9 A D 2d 21, affd. 8 N Y 2d 918, app. dsmd. and cert. den. 364 U. S. 628). We find nothing in the amendments to the statute by the addition of section 44-a and of paragraph (ee) of subdivision 8 of section 15 to support appellants' contention that the correct date of disablement is August 9, 1947, when claimant first received medical treatment for pneumoconiosis, as in cases of dust diseases the disability contemplated remains "total disability" (Workmen's Compensation Law, § 3, subd. 2, par. 28; § 15, subd. 8, par. [ee]; § 44-a; and cf. §§ 39, 49, 49-a [last par.]); and *Matter of Ryciak* v. *Eastern Precision Resistor* (12 N Y 2d 29), upon which appellants largely rely is not in point, involving, as it did, an occupational dermatitis, not required to be totally disabling (Workmen's Compensation Law, § 3, subd. 2, par. 27), rather than a dust disease. Decision affirmed, with one bill of costs to respondents Special Disability Fund and Globe Indemnity Company. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.