[Civ. No. 33233. First Dist., Div. One. Oct. 24, 1973.]

JOHN G. DICKOW, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
PACIFIC GREYHOUND LINES et al., Respondents.

**COUNSEL**

Donald Nemir for Petitioner.

Franklin O. Grady, Sheldon C. St. Clair and Henry G. Sanford for Respondents.

**OPINION**

**MOLINARI, P. J.**—In this proceeding we issued a writ of review upon petitioner's petition seeking to have us inquire into and determine the lawfulness of respondent board's findings and award and order denying his petition for reconsideration.

Petitioner was employed by Pacific Greyhound Lines, the real party, and its successor, as a service mechanic from January 29, 1951, through April 7, 1954. During that time petitioner was exposed to dust and foreign matter the inhalation of which was found to have caused him to develop a lung disease ultimately resulting in his becoming totally and permanently disabled on October 10, 1960.

On October 21, 1960, petitioner filed with respondent board his application for workmen's compensation benefits. Petitioner was found to be totally and permanently disabled as of October 10, 1960, and was provided benefits accordingly. The decision applied the benefit schedule which existed in section 4453 of the Labor Code in 1954 when petitioner terminated his employment with real party. Petitioner filed a petition for reconsideration contending that the referee should have applied the benefit schedule applicable as of October 10, 1960, the date he became disabled. The petition for reconsideration was denied by respondent board.

We here observe that in 1959 Labor Code section 4453 was amended to provide for increased benefits.

Petitioner was employed from January 29, 1951, through April 7, 1954, as a service mechanic at San Francisco by Pacific Greyhound Lines and its successor, Western Greyhound Lines. As part of his employment petitioner was required to grind brake shoes for sustained periods of time without the aid of a mask or ventilation. The brake grinding process caused petitioner to inhale dust and foreign matter over extended periods of time.

Petitioner left respondent's employ in April 1954. At that time he was not aware of any medical problems. In late 1959 petitioner complained of a shortness of breath. He was examined by Dr. Farber on October 10, 1960. At that time Dr. Farber diagnosed petitioner as being totally and permanently disabled by virtue of a disease in his lungs. Testimony of Dr. Fast and Dr. Callanan at the hearing of petitioner's application was to the effect that his lung condition had been caused by inhalation of dust and foreign matter in the course and scope of his employment with real party.

In its opinion denying reconsideration respondent board held that petitioner was entitled to benefits only at the rates in effect at the time of exposure to the injurious substance. We conclude that this determination was in error upon the rationale that petitioner became disabled in 1960 and not in 1954. We apprehend that if he had filed a claim for injury to his lungs in 1954 he would not have been awarded any indemnity because he was not disabled at that time.

Although respondent board states that it could find no authority in this area, the decision in *Argonaut Mining Co.* v. *Ind. Acc. Com.,* 104 Cal. App.2d 27 [230 P.2d 637],[1] appears to us to be directly in point. The facts in that case are similar to those of the instant case. In *Argonaut* the applicant filed an application on December 22, 1948, against the Argonaut Mining Company alleging an injury arising out of and in the course of employment as a miner, to wit, occupational silicosis. He had worked as a miner for Argonaut Mining Company and other employers from June 1923 to December 1928. The applicant died before his case went to decision. His dependents then filed an application for an industrial death benefit. The commission made an award on July 21, 1950, finding that on November 23, 1948, the applicant sustained a compensable injury consisting of silicosis which caused his death on April 9, 1949. The death benefit and

---

[1] An application for a hearing by the Supreme Court was denied.

the accrued temporary indemnity were based upon the rates in effect according to the statutes of 1948. In challenging the board's decision Argonaut Mining Company contended that the rates applicable in 1928 should have been utilized. In rejecting this contention the reviewing court rationalized that regardless of the date of exposure to disease the claimant had no cause of action and no rights accrued to him until that period in time when the cumulative effects of his disease resulted in compensable disability. (104 Cal.App.2d at p. 30.) As stated by the appellate court in *Argonaut,* ". . . Until the disability there is no compensable injury. When the disease results in disability there then comes into existence for the first time a right in the petitioner to seek compensation. When the right comes into existence certain rates are applicable. It would seem that these are the rates by which compensation should be payable." (At p. 31.)

We note that in denying the petition for reconsideration respondent board observed that respondent and real party had stipulated that petitioner's earnings were maximum at the time he worked for real party. Upon the basis of this stipulation respondent board assumed that the parties were so stipulating in order to generate the maximum indemnity rates payable in 1954. We see no basis for the drawing of such an assumption from the stipulation. We observe, moreover, that since the stipulation was entered into in 1962 it would be unreasonable to assume that petitioner was agreeing to a compensation lesser than that to which he was entitled.

The decision of the Workmen's Compensation Appeals Board is annulled and the case is remanded to that board for proceedings consistent with the views expressed herein.

Sims, J., and Elkington, J., concurred.