## Richmond

FRANK ANDERSON v. CLINCHFIELD COAL COMPANY.

April 22, 1974.

Record No. 730365.

Present, Snead, C.J., l'Anson, Carrico, Harrison, Harman and Poff, JJ.

*S. Strother Smith, III* (*Smith, Robinson & Vinyard*, on brief), for appellant.

*J. Thomas Fowlkes* (*Penn, Stuart & Eskridge*, on brief) for appellee.

Per Curiam.

The question presented on this appeal is whether the Industrial Commission erred in holding that Frank Anderson's claim against Clinchfield Coal Company (Clinchfield) for workmen's compensation benefits was barred by Code § 65.1-52[1] by reason of his failure to timely file an application for a hearing with the Commission.

The evidence shows that on October 22, 1966, Anderson obtained a diagnosis from his family physician, Dr. Panos G. Gregoriou, revealing that he had occupational pneumoconiosis. Clinchfield, his employer, was promptly notified of the diagnosis. After subsequent examinations by several other physicians, Anderson was advised that he did not have the occupational disease. However, because Anderson continued to suffer from chest pains, he returned to Dr. Gregoriou, on a date not shown in the record, who again advised him that he had the occupational disease and that it would be in his best interest to cease working in underground coal mining.

After Anderson's return visit to Dr. Gregoriou, a legal representative of his union advised him of the procedure to be followed in filing

---

1. Formerly Code § 65-49. Section 65.1-52, amended, Acts 1972, c. 612.

his claim and the time limitation thereon. Nevertheless, Anderson failed to file a claim with the Commission at that time.

On March 20, 1972,[2] Anderson first filed his claim with the Commission alleging that a diagnosis of occupational pneumoconiosis was communicated to him on September 14, 1971. This third diagnosis was also made by Dr. Gregoriou. Examinations by other physicians confirmed Dr. Gregoriou's diagnosis of September 14, 1971.

Commissioner Evans held that Anderson's claim had not been filed within one year from the date the diagnosis of the occupational disease was first communicated to him, as required by Code § 65.1-52 as it read prior to July 1, 1972, and the claim was dismissed for lack of jurisdiction. Commissioner Evans' opinion was affirmed by the full Commission.

In October 1966, when Anderson was first told by his physician that he had the occupational disease, Code § 65.1-52,[3] in pertinent part, provided that:

"The right to compensation under this chapter shall be forever barred unless a claim be filed with the Industrial Commission within one year after a diagnosis of an occupational disease is first communicated to the employee. . . ."

The language of the statute is clear and unequivocal. The filing of such a claim within the statutory period is jurisdictional, and the burden is upon the claimant to prove that he complied with the statute. *Coal Company* v. *Pannell*, 203 Va. 49, 50, 122 S.E.2d 666, 667 (1961).

Even though Dr. Gregoriou's positive diagnosis of October 22, 1966, was not confirmed by the several other physicians, it was incumbent upon Anderson, in accordance with the requirements of the statute, to file his claim with the Commission within one year after that diagnosis was first communicated to him. It may be true, as contended by Anderson, that his claim would have been dismissed because of the conflicting medical testimony, but that was a matter for the Commission to determine.

Since Anderson did not file his claim within one year after the first positive diagnosis that he had occupational pneumoconiosis was communicated to him, his claim was barred by the statute and the Commission was without jurisdiction in the case.

*Affirmed.*

2. Also shown in the record as October 4, 1971.
3. The § was 65-49 at that time.