## Richmond

### JOE A. COOPER v. MARY E. COAL CORPORATION, ET AL.

April 28, 1975.

Record No. 740335.

Present, All the Justices.

*S. Strother Smith, III (Smith, Robinson & Vinyard,* on brief), for appellant.

*N. D. Street (Street, Street & McGlothlin,* on brief), for appellees.

Poff, J., delivered the opinion of the court.

Joe A. Cooper (claimant) appeals the Industrial Commission's award dismissing his claim for "black lung" benefits filed against Mary E. Coal Corporation (Mary Coal) and Old Republic Insurance Company (Insurer). The dispositive question is whether the Commission erred in ruling that Mary Coal was not the employer liable on the claim.

On October 17, 1970, while employed as a coal miner by Enterprise Coal Corporation (Enterprise), claimant obtained a chest X-ray administered by the Public Health Service pursuant to the Federal Coal Mine Health and Safety Act, 30 U.S.C. §§ 801, *et seq.* Claimant became employed by Mary Coal on January 10, 1972. On April 2, 1972, claimant received a letter dated March 11, 1972, from the Public Health Service informing him that he had

"category 1 simple pneumoconiosis". On October 10, 1972, claimant filed a claim under Code § 65.1-49 (Repl. Vol. 1973) against Mary Coal.

In an award dated January 7, 1974, Commissioner M. E. Evans ruled that:

"The medical evidence preponderates in proving that claimant has 1st stage pneumoconiosis and that the disease had reached that stage prior to the time he was employed by the defendant [Mary Coal]. It follows that the employer for whom he worked prior to October 17, 1970, would be the employer with whom claimant was last injuriously exposed to the causative hazards of his pneumoconiosis and not this defendant."

On March 12, 1974, the full Commission adopted "the findings of fact and conclusions of law contained in the decision and award of January 7, 1974," and affirmed the award dismissing the claim.

Code § 65.1-50 (Repl. Vol. 1973) provides in part that:

"When an employee has an occupational disease that is covered by this Act, the employer in whose employment he was last injuriously exposed to the hazards of the disease and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier."

Construing that section, claimant says that the employer liable on the claim is the employer in whose employment claimant was last injuriously exposed "prior to the communication of the disease". Mary Coal and Insurer construe the section to mean that the employer liable is the employer in whose employment claimant was last injuriously exposed "prior to the date the existence of the condition or disease is conclusively established". Claimant argues that, in determining the employer liable on a claim based on pneumoconiosis, the date the diagnosis was communicated governs, while Mary Coal and Insurer contend that the date of the taking of the X-ray upon which the diagnosis was predicated governs. The Commission ruled that the date on which the X-ray was taken governs.[1]

---

[1] At the time of the Commission's ruling, claimant's right to amend his claim and join Enterprise as a defendant had expired.

We are of opinion the Commission's ruling was in error.

The authorities are in general accord that the critical date is the date of actual disability, the date entitlement to benefits accrues.

"Occupational disease cases typically show a long history of exposure without actual disability, culminating in the enforced cessation of work on a definite date. In the search for an identifiable instant in time which can perform such necessary functions as to start claim periods running, establish claimant's right to benefits, *and fix the employer and insurer liable for compensation, the date of disability has been found the most satisfactory.* Legally, it is the moment at which the right to benefits accrues; as to limitations, it is the moment at which in most instances the claimant ought to know he has a compensable claim; and, as to successive insurers, it has the one cardinal merit of being definite, while such other possible dates as that of the actual contraction of the disease are usually not susceptible to positive demonstration.

. . . .

"Since the onset of disability is the key factor in assessing liability under the last-injurious-exposure rule, *it does not detract from the operation of this rule to show that the disease existed under a prior employer or carrier, or had become actually apparent,* or had received medical treatment, or, indeed, as held in North Carolina, had already been the subject of a claim filed against the prior employer, so long as it had not resulted in disability." [Emphasis added]. 3 A. Larson, *The Law of Workmen's Compensation* § 95.21 (508.136-38, 508.141) (1973).

Pursuing this rationale in the construction of the phrase "last injuriously exposed", a majority of states have adopted a rule fixing liability upon the employer in whose employment the claimant was last injuriously exposed prior to or at the time of disability, the date on which entitlement to benefits accrued. *See, e.g., Employers Liabil. A. Corp.* v. *Employers Mut. L. Ins. Co.,* 232 Ark. 113, 116, 334 S.W.2d 701, 703 (1960); *Alloy Surfaces Co.* v. *Cicamore,* 221 A.2d 480, 485-86 (Del. 1966); *Davis* v. *Harlan Everglow Coal Co.,* 392 S.W.2d 62, 64 (Ky. 1965); *White* v. *Scullin*

*Steel Co.,* 435 S.W.2d 711, 715-16 (Mo. 1968); *Mariani* v. *Helena Rubenstein, Inc.,* 19 A.D.2d 916, 243 N.Y.S.2d 964 (1963); *Mathis* v. *State Accident Insurance Fund,* 10 Ore. App. 139, 148, 499 P.2d 1331, 1335-36 (1972); *Tennessee Tufting Co.* v. *Potter,* 206 Tenn. 620, 629, 337 S.W.2d 601, 602 (1960).

We believe that the proper construction of the Virginia Workmen's Compensation Act dictates the same rule. Under Code § 65.1-49 (Repl. Vol. 1973) entitlement to benefits accrues on the date of "the first communication of the diagnosis". That section makes the provisions of the Act concerning occupational accidents applicable to occupational diseases "except as otherwise provided." On a claim based upon an accident, the employer on the date of the accident is the employer liable, and that date determines the applicable notice requirements, statute of limitations, and rate of compensation. In a claim based upon a disease, the date of the accident (fixed by the statute as the date of the "first communication of the diagnosis") plays a similar, but not an identical, role. Standing alone, it does not identify the employer liable on the claim; it is "otherwise provided" in Code § 65.1-50 which adds another criterion. Under that section, the employer on the date of the accident may be the employer liable but only if he is also "the employer in whose employment [claimant] was last injuriously exposed to the hazards of the disease." The construction urged by Mary Coal and Insurer that the employer liable is the employer on "the date the existence of the condition or disease is conclusively established", here, the date the X-ray was taken, finds no support in any provision of the Act.

We hold, therefore, that liability under Code § 65.1-50 attaches to the employer in whose employment a claimant was last injuriously exposed to the hazards of an occupational disease prior to "first communication of the diagnosis".

On the date claimant received the diagnosis, he had worked 53 shifts for Mary Coal. There is no evidence to show where he worked on the job site or the nature of his working conditions, and Mary Coal and Insurer argue that claimant failed to prove injurious exposure at Mary Coal.

Such proof is essential to recovery under Code § 65.1-50. But here, under a misinterpretation of that section, the Commission ruled that the employer liable on the claim was "the employer for whom [claimant] worked prior to October 17, 1970", the date

the X-ray was taken. After that ruling, evidence of injurious exposure subsequent to October 17, 1970, would have been immaterial, and claimant's failure to adduce it is not fatal to his appeal.

The Commission's ruling is reversed, the award is set aside, and the application is remanded for a new hearing in order that claimant may be afforded an opportunity to present evidence concerning injurious exposure during his employment by Mary Coal.

*Reversed and remanded.*