## Richmond

### Carl R. Kiser

#### v.

### Clinchfield Coal Company

April 29, 1983.

Record No. 820889.

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, JJ., and Harrison, Retired Justice.

*Gerald F. Sharp* for appellant.
*Michael F. Blair (Elizabeth S. Woodruff; Penn, Stuart, Eskridge & Jones*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

The sole question in this workmen's compensation case is whether the applicable statute of limitations bars this claim of compensation for an occupational disease.

As pertinent here, Code § 65.1-52 (Repl. Vol. 1980) provides that the right to compensation for coal worker's pneumoconiosis shall be forever barred unless a claim is filed with the Industrial Commission within three years "after a diagnosis of [such disease] is first communicated to the employee." Under Code § 65.1-56(20), the disease is compensated for a specific number of weeks depending upon whether it is first, second, or third stage.

On August 19, 1981, appellant Carl R. Kiser filed with the Commission an application for hearing alleging a communication of a diagnosis of pneumoconiosis on March 4, 1981, while employed by appellee Clinchfield Coal Company. The employer defended the claim, in part, on the basis it was time-barred because the claimant had received a communication of the diagnosis prior to 1978. Following a hearing and consideration of medical reports, a deputy commissioner decided the claim was timely filed but denied compensation, holding the claimant's evidence failed to establish existence of the disease. Upon review, the full Commission unaninously decided it lacked jurisdiction because the claim was untimely. The claimant appeals from the Commission's April 1982 denial of benefits.

Kiser has been employed by Clinchfield for 30 years as an underground miner working at the face of mines. During the October 1981 hearing, he presented testimony and supporting X-ray

reports to show that in March of 1981 he was advised by a physician for the first time that he had "black lung," coal worker's pneumoconiosis.

Kiser also testified, however, that "eight or nine or maybe ten years ago" a Dr. Showalter told him "you've got a little [black lung]," but "you don't have first stage yet." According to Kiser, Showalter told him, "[t]here is no use filing now . . . but keep taking x-rays and keep a check at it." Subsequent to the hearing, the employer obtained and filed with the Commission a copy of a radiologist's report dated July 28, 1972 interpreting an X-ray of Kiser ordered by Dr. Showalter. The report indicated Kiser had "pneumoconiosis simple category."

There is no dispute Kiser was told more than three years prior to filing his application that he had some coal worker's pneumoconiosis. Likewise, there is no dispute claimant was advised only that he had evidence of the disease and was not told he had "first stage" pneumoconiosis. Therefore, as the employer points out, the issue becomes whether an employee must be advised that he has "first stage" pneumoconiosis or merely that he has the disease in order for the statute of limitations to begin running. Stated differently, the question is must there be a communication that the employee has a compensable occupational disease or merely that he is afflicted with the disease, without regard to whether or not it is compensable.

Relying on a recent Industrial Commission decision, *Hale* v. *Clinchfield Coal Company*, 59 O.I.C. 112 (1981), *petition for appeal refused* October 5, 1981 (Record No. 810387), the claimant argues there must be communication to the employee of a *compensable* occupational disease before the statute of limitations begins to run. Here, he says, there was advice "that he had some dust, but the same doctor told him it had not reached the first stage yet and that it was not enough to file." Noting he was never told of the results of the 1972 X-ray, he contends the only physician involved in 1972 never gave a positive diagnosis. Consequently, Kiser urges, the Commission erred. We disagree.

As the Commission correctly concluded, this case is controlled by *Anderson* v. *Clinchfield Coal Company*, 214 Va. 674, 204 S.E.2d 257 (1974). There, the claimant received a diagnosis of occupational pneumoconiosis from his family doctor but failed to file a claim before the Commission within the statutory period because other physicians advised him that he did not have the dis-

ease. Affirming the Commission, we said Code § 65.1-52 is jurisdictional, and the claimant has the burden to prove he complied with the statute. We noted that even though the initial positive diagnosis of disease was not confirmed by several other physicians, nevertheless, it was incumbent upon Anderson to file his claim within the applicable statutory period after that diagnosis was communicated to him. We observed that even if the claim would have been dismissed because of conflicting medical testimony, the compensability of the claim was a matter for the Commission to determine.

Anderson was in a stronger position than is Kiser. Several physicians advised Anderson that he did not have the disease. No one advised Kiser that he was free of the disease; instead he was given the positive diagnosis that he had "a little" pneumoconiosis but that it was not yet compensable. The question of compensability was for the Commission to decide, not the claimant or his physician. Indeed, the Commission said that if a filing had been made by Kiser in 1972 with no other medical evidence, he could have been awarded compensation for first stage coal worker's pneumoconiosis.

Our refusal to grant an appeal in *Hale* does not mandate a different result. It is true, as Kiser points out, the Commission opinion in that case said that the statute of limitations did not commence to run against the claim of occupational hearing loss "until the date of diagnosis and communication of a *compensable* occupational disease, on April 7, 1980" (emphasis added). 59 O.I.C. at 113. But in that case, unlike this, there was no issue whether the communication must be of a compensable disease or merely that the disease exists. The April 7, 1980 diagnosis in *Hale* was of a compensable hearing loss. In addition, Hale earlier had received a 1975 diagnosis of minimal hearing loss and had filed a timely claim, which the Commission ruled in 1978 was noncompensable. Kiser should have followed the same course here.

In sum, the statute provides that the limitation period begins to run "after a diagnosis of an occupational disease is first communicated to the employee," not after diagnosis of a "compensable" occupational disease has been communicated. If we adopted claimant's argument, the result would be judicially to amend the statute by inserting the word "compensable" before "occupational disease." That is an exercise in which we refuse to engage. *Cf. Garrison* v. *Prince William County*, 220 Va. 913, 917, 265 S.E.2d

687, 689 (1980) (refusal judicially to amend this statute by reading out "occupational").

For these reasons, the award appealed from will be

*Affirmed.*