COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


GLADYS PHYLLIS ROSE SHELTON

v.   Record No. 1498-95-2                    MEMORANDUM OPINION*
                                                 PER CURIAM
UNIVERSITY OF VIRGINIA                       NOVEMBER 7, 1995
AND
COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Norman Lamson, on briefs), for appellant.

                (James S. Gilmore, III, Attorney General; Rita
                M. Sampson, Assistant Attorney General; Donald
                G. Powers, Assistant Attorney General, on
                brief), for appellees.


        Gladys Phyllis Rose Shelton ("claimant") appeals a decision

of the Workers' Compensation Commission denying her application

filed on February 27, 1995 alleging a change in condition

beginning October 1, 1994.  Specifically, claimant contends that

the commission erred in ruling that she did not file her

application before the expiration of the twenty-four month

limitations period contained in Code § 65.2-708(A).  Finding no

error, we affirm.[1]

        Claimant sustained a compensable injury by accident on

March 5, 1991.  University of Virginia and Commonwealth of

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Claimant's Motion to Strike Appellees' Brief on the ground
that appellees cited unpublished opinions of this Court is
without merit and is denied.

Virginia (collectively referred to as "employer") paid claimant temporary total disability benefits from March 23, 1991 to March 24, 1991 and from March 26, 1991 to March 28, 1991. On April 20, 1992, claimant filed her first change in condition application. On March 23, 1993, the commission awarded claimant temporary total disability benefits for the period from March 26, 1992 through May 5, 1992, and ten weeks of permanent partial disability benefits for the period from May 6, 1992 through July 15, 1992. The commission ordered employer to pay all benefits owed to claimant pursuant to the March 23, 1993 award in a lump sum. Employer paid the lump sum award to claimant in two checks dated March 23, 1993, which claimant received on March 31, 1993. On February 27, 1995, claimant filed her second change in condition application alleging she once again became disabled from working on October 1, 1994.

On March 2, 1995, an assistant claims examiner denied claimant's application on the ground that it was filed more than twenty-four months after July 15, 1992, the last day for which compensation was paid pursuant to the March 23, 1993 award. The full commission affirmed the claims examiner's rejection of claimant's application.

Claimant argues that the correct limitations period applicable to her claim is twenty-four months from either March 23, 1993, the date of employer's checks representing the lump sum payments, or March 31, 1993, the date she actually received the

lump sum payments from employer.

"[T]he Commission's construction of the [Worker's Compensation] Act is entitled to great weight on appeal . . . ." City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). Moreover,

> "[t]he right to compensation under the workmen's compensation law is granted by statute, and in giving the right the legislature had full power to prescribe the time and manner of its exercise. When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them. The province of construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation."

Dan River, Inc. v. Adkins, 3 Va. App. 320, 328, 349 S.E.2d 667, 671 (1986) (quoting Winston v. City of Richmond, 196 Va. 403, 407-08, 83 S.E.2d 728, 731 (1954)).

Code § 65.2-708(A) plainly and unambiguously provides that an award shall not be reviewed "after twenty-four months from the last day for which compensation was paid," not twenty-four months from the last day on which compensation was received. Based upon this plain language, we cannot say that the commission erred in construing Code § 65.2-708(A) to find that the twenty-four months limitations period expired on July 15, 1994. Because claimant filed her application after July 15, 1994, the commission did not err in dismissing her application.

For the reasons stated, we affirm the commission's decision.

Affirmed.

3