COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


DANIEL W. PHELPS

MEMORANDUM OPINION[*]

v.   Record No. 1246-98-4      BY JUDGE WILLIAM H. HODGES
                                FEBRUARY 16, 1999

SAFEWAY STORES, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Metin A. Cay (Swiger & Cay, on brief), for
appellant.

C. Ervin Reid (Wright, Robinson, Osthimer &
Tatum, on brief), for appellee.


Daniel W. Phelps ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying his

application for temporary total disability benefits.  Claimant

contends that the commission erred in finding that his

change-in-condition application was time barred by Code

§ 65.2-708(A) because he failed to meet the tolling requirements

of Code § 65.2-708(C).  Pursuant to Rule 5A:21(b), Safeway

Stores, Inc. ("employer") raises the additional question of

whether the commission erred in finding that the one-year

limitation period found in Code § 65.2-501 did not bar claimant's

change-in-condition application filed nearly three years after

receiving permanent partial disability benefits.  Finding no

error, we affirm the commission's decision.

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

The facts are not in dispute.  On November 14, 1988, claimant sustained a compensable injury by accident while working for employer.  Employer accepted the claim and paid claimant temporary total disability benefits from December 6 through December 18, 1988, and from December 27, 1988 through November 4, 1990, pursuant to the commission's awards.  Employer also paid claimant temporary partial disability benefits pursuant to an award from November 5, 1990 through April 7, 1991.  The commission terminated that award after claimant returned to light-duty work on April 7, 1991, at a wage equal to or greater than his pre-injury wage.

On September 15, 1993, claimant filed an application for an award of permanent partial disability benefits.  The commission awarded those benefits and claimant received permanent partial disability benefits from February 14, 1994 through June 5, 1994.

Beginning on April 7, 1991, claimant worked for employer in a light-duty position at a wage equal to or greater than his pre-injury wage.  Claimant remained in that position until his treating physician removed him from work on April 18, 1997.  On May 12, 1997, claimant returned to his light-duty position and did not sustain any wage loss thereafter.

On May 15, 1997, claimant filed an application alleging a change-in-condition.  Claimant sought temporary total disability benefits for the period from April 18, 1997 through May 12, 1997, alleging that his disability had deteriorated from temporary partial incapacity to temporary total incapacity.

The commission ruled that the claim, which was governed by the two-year statute of limitations found in Code § 65.2-708, was not timely filed. In rejecting claimant's argument that Code § 65.2-708(C) tolled the two-year statute of limitations for twenty-four months beginning on June 5, 1994, the commission found as follows:

> The General Assembly enacted this Code section to provide an extended limitation period when an injured worker returns to work at a wage rate equal to or greater than pre-injury wage and when disability renders the injured worker unable to return to pre-injury work. Under this section, the wages paid to the claimant for twenty-four consecutive months after his return to light-duty at his pre-injury wage are considered compensation.
>
> *    *    *    *    *    *    *
>
> By its terms, § 65.2-708(C) applies to the twenty-four consecutive months after a claimant returns to light-duty work without a wage loss. Here, the twenty-four months began on April 7, 1991, and ended on April 7, 1993. The claimant received the benefit of this section when he was awarded permanent partial benefits beginning February 14, 1994. Without the extension in § 65.2-708(C), that claim would have been time-barred.[1]
>
> The claimant argues that the twenty-four month extension began on June 5, 1994, the last day for which he was paid compensation under his award for permanent partial incapacity. This argument is contrary to the

_____

[1]The commission erred when it concluded that claimant's September 15, 1993 claim for permanent partial disability benefits would have been time-barred without the application of the tolling provision found in Code § 65.2-708(C). However, because that conclusion was dicta and was not relevant to the issue before the commission, we find that the error has no bearing upon the issue before this Court.

language in § 65.2-708(C) which triggers the start of the twenty-four month extension to the date the claimant is provided light duty work.

The commission's construction of the Act is entitled to great weight on appeal.  See City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985).

> "The right to compensation under the workmen's compensation law is granted by statute, and in giving the right the legislature had full power to prescribe the time and manner of its exercise.  When the legislature has spoken plainly it is not the function of the courts to change or amend its enactments under the guise of construing them.  The province of construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation."

Dan River, Inc. v. Adkins, 3 Va. App. 320, 328, 349 S.E.2d 667, 671 (1986) (quoting Winston v. City of Richmond, 196 Va. 403, 407-08, 83 S.E.2d 728, 731 (1954)).

Code § 65.2-708, which governs the filing of change-in-condition applications, requires that the application be filed within twenty-four months from the last date for which compensation was paid pursuant to an award.  Code § 65.2-708(C) provides the following tolling provision:

> All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

– 4 –

This tolling provision was designed

> to prevent employers from lulling partially disabled workers into a false sense of security during this two-year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits.

Scott v. Scott, 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993) (construing former Code § 65.1-55.1, now Code § 65.2-708(C)). Thus, a partially disabled employee who meets the conditions outlined in parts (i) and (ii) "is afforded an additional twenty-four months before the statute of limitations . . . begins to run." Greene v. Gwaltney of Smithfield, Inc., 13 Va. App. 486, 492, 413 S.E.2d 650, 654 (1992) (construing former Code §§ 65.1-55.1 and 65.1-99, now Code § 65.2-708(A) and (C)).

Claimant did not file his May 15, 1997 change-in-condition application within twenty-four months from June 5, 1994, the last date for which compensation was paid pursuant to an award. Therefore, unless the tolling provision applied to extend the limitations period beyond May 15, 1997, claimant's application was untimely.

Code § 65.2-708(C) delayed the start of the two-year limitations period contained in Code § 65.2-708(A) while employer provided claimant light-duty work and paid him equal to or more than his pre-injury wage for a period not exceeding twenty-four consecutive months. The plain and unambiguous language of this code section tolled the limitations period from April 7, 1991, the date claimant returned to light-duty work provided by

- 5 -

employer at a wage equal to or greater than his pre-injury wage, through April 7, 1993, twenty-four consecutive months later. Thus, the tolling period expired before claimant filed his May 15, 1997 change-in-condition application.

We find no support in the plain language of Code § 65.2-708(C) or the case law for claimant's assertion that the commission erred in refusing to find that the twenty-four month tolling period began to run on June 5, 1994, the date claimant was last paid permanent partial disability benefits. Additionally, the policy behind Code § 65.2-708(C) does not support claimant's argument. Claimant presented no evidence that he was lulled into a false sense of security by employer, and employer did not attempt to terminate claimant. Rather, employer has provided claimant with light-duty employment at a wage equal to or greater than claimant's pre-injury wage for a period in excess of six years.

We hold that the commission did not err in finding that claimant's May 15, 1997 change-in-condition application was time-barred pursuant to Code § 65.2-708(A) and that his claim was not saved by the tolling provision provided in Code § 65.2-708(C). Because our holding on this issue is dispositive of this appeal, we need not address the additional question presented by employer.

For these reasons, we affirm the commission's decision.

Affirmed.