COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JANIE E. HOLMAN

MEMORANDUM OPINION*
v.    Record No. 1516-99-3                    PER CURIAM
NOVEMBER 9, 1999
SOUTHWESTERN VIRGINIA MENTAL HEALTH
 INSTITUTE/COMMONWEALTH OF VIRGINIA


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Lawrence L. Moise III; Vinyard & Moise, on
brief), for appellant.

(Mark L. Earley, Attorney General; Gregory E.
Lucyk, Senior Assistant Attorney General;
Richard L. Walton, Jr., Senior Assistant
Attorney General; James W. Osborne, Assistant
Attorney General, on brief), for appellee.


Janie E. Holman contends that the Workers' Compensation

Commission erred in finding that her application for permanent

partial disability benefits was barred by the applicable

limitations period contained in Code § 65.2-708(A)(i).  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

Holman sustained an injury by accident on August 1, 1990,

when she fell while carrying trash.  Southwestern Virginia

Mental Health Institute, her employer, accepted the claim as

———————————

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

compensable, and the parties signed a Memorandum of Agreement. On December 27, 1990, the commission entered an award for temporary total disability benefits commencing September 8, 1990. The parties filed a Supplemental Memorandum of Agreement dated January 10, 1991, which resulted in an award for 17.5 weeks of permanent partial disability benefits for a ten percent loss of use of Holman's left leg.

In a September 11, 1995 opinion, the commission awarded Holman additional compensation commencing June 3, 1994, for permanent partial impairment to her left leg, for a period of 26.25 weeks, and to her right leg for 35 weeks. Assuming concurrent payment of permanent partial disability benefits commencing June 3, 1994, the last date for which compensation was paid to Holman was February 2, 1995. Assuming consecutive payments, the last date for which compensation was paid to Holman was August 5, 1995.

On October 9, 1998, Holman filed a change in condition application, alleging entitlement to additional permanent disability benefits. The commission ruled that Holman's application was time-barred because she failed to file it within the thirty-six month mandate of Code § 65.2-708(A)(i).

Code § 65.2-708(A)(i) plainly and unambiguously provides that "thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503." The following principle is well established:

-

> "[t]he right to compensation under the workmen's compensation law is granted by statute, and in giving the right the legislature had full power to prescribe the time and manner of its exercise. When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them. The province of construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation."

Dan River, Inc. v. Adkins, 3 Va. App. 320, 328, 349 S.E.2d 667, 671 (1986) (quoting Winston v. City of Richmond, 196 Va. 403, 407-08, 83 S.E.2d 728, 731 (1954)). Based upon the plain language of the statute, the commission did not err in ruling that the date for which compensation was last paid was either February 2, 1995 or August 5, 1995. The statute does not specify thirty-six months from the last day on which compensation was paid. As the commission ruled, whether February 2, 1995, or August 5, 1995, the thirty-six month limitations period expired before Holman filed her application on October 9, 1998. Because Holman filed her application after the applicable limitations period had expired, the commission did not err in dismissing the application.

For these reasons, we affirm the commission's decision.

Affirmed.

-