In the Matter of the Claim of CLYDE H. WHITMYRE et al., Respondents, against INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued February 26, 1935; decided April 16, 1935.)

*Morris Gitlitz* for appellants.

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* and *Henry Epstein* of counsel), for State Industrial Board, respondent.

O'BRIEN, J.   George H. Whitmyre became disabled December 9, 1930, by benzol poisoning due to the nature of his employment and on October 14, 1931, as a result of that poisoning, he died.   Pursuant to the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67, § 15, subd. 8) an award has been made to the order of the Industrial Commissioner, Special Fund.

Notice of disablement was not given to the employer within ninety days after the disablement.   The only notice was the notice of death November 11, 1931, filed within thirty days after death.   Appellants argue that two notices are required, one concerning disablement and another concerning death.   We agree that such is the correct interpretation of the statute.   Section 45, dealing with notices respecting occupational disease and death resulting from occupational disease, provides: " The requirements as to notice as to occupational disease and death resulting therefrom shall be the same as required in section eighteen of this chapter, except that the notice shall be given to the commissioner and the employer within ninety days after the disablement."   Section 18, as amended by Laws of 1926, chapter 262, provides: " Notice of an injury *or death* for which compensation is payable under this chapter shall be given to the commissioner and to the employer within thirty days after the accident causing such injury, *and also* in case of the death of the employee resulting from such injury, within thirty days after such death."   The words " or death "

were inserted by this amendment. By force of section 18, as so amended, the claimant is compelled to give notice within thirty days after the accident causing injury, and also, when death results from the injury, another notice must be given within thirty days after death, unless, of course, accident and death are simultaneous. Our decision to the contrary in *Matter of Hughes* v. *St. Patrick's Cathedral* (245 N. Y. 201) is based upon the earlier decision in *Matter of O'Esau* v. *Bliss Co.* (227 N. Y. 597) which arose on facts occurring prior to this amendment of section 18. A single notice respecting death resulting from injury is not enough when the purpose of notice is considered. The date of death from injury may be remote from the date of the accident which caused the injury resulting in death. The purpose of the notice of an injury is to allow timely inquiry into the facts upon which an accident causing injury and arising out of and in the course of employment is claimed and to give an opportunity to the employer to furnish prompt medical service. The purpose of the notice of death is to afford a reasonable opportunity to determine whether the death did in fact result from the accident or from some other cause. Thirty days after the respective events is prescribed by section 18 as the time for the giving of each of the notices. For the same reason the same procedure, with one exception, is ordered by section 45 in respect to notices of disablement from occupational diseases and death resulting therefrom. The notice of death is the same as the notice of death from an accident causing injury, thirty days; the notice of disablement from an occupational disease is enlarged to ninety days instead of thirty days. The purpose in making this distinction is not unreasonable. Disablement from disease frequently develops more slowly than injury from an accident and additional time may be required for determination concerning causal connection between exposure to a disease and disablement.

The order of the Appellate Division should be reversed and the claim dismissed, with costs against the State Industrial Board.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order reversed, etc.