# Richmond

KATIE H. WINSTON AND HERBERT T. WILSON V.
CITY OF RICHMOND.

October 11, 1954.

Record No. 4300.

Present, Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*Dervishian, Spinella & Dervishian,* for the appellants.

*J. Elliott Drinard* and *M. Dannehl Aldridge, Jr.,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The main question on this appeal is whether the failure of the employee to file a claim for compensation within the statutory period bars his dependents from the compensation provided by § 65-62 of the Code, part of the workmen's compensation law.

William J. Winston was employed by and worked for the City of Richmond for some twenty-one years in the department of public safety as a lineman and cable splicer. His job required him to work in the manholes under the city streets where carbon monoxide gas was present. Early in 1946 he sought medical attention and complained of extreme dizziness. Afterwards he consulted other doctors, had hospital treatments and examinations and was found to have an extensive brain atrophy. His trouble was diagnosed as being chronic and progressive. He became incapacitated for work and on September 3, 1948, the council of the city, by joint resolution, directed the city comptroller to pay monthly "as other salaries are paid" the sum of $234.24 "until otherwise directed by the Council," to William J. Winston, "who was disabled by injuries received in the line of duty;" in return for which Winston was required to execute a waiver of any right to a pension or disability or retirement allowance, including the employee's annuity savings fund.

The city continued to make these payments to Winston until his death on January 3, 1950, the total amount paid him being $4,590.84.

Winston filed no claim for compensation under the workmen's compensation law; but on December 5, 1950, less than a year after his death, his widow and infant son filed with the Industrial Commission their claim for compensation. A hearing was had and Hearing Commissioner Robinson filed his opinion finding that "a clear preponderance of the evidence leads inescapably to the conclusion that protracted exposure to carbon monoxide gas in the course of his employment resulted in Winston's incapacity and death;" that his widow and son were wholly dependent upon him, but because Winston had filed no claim during his lifetime, his dependents had no enforceable claim after his death. Accordingly an award dated November 13, 1953, was made dismissing their claim on the ground that "although the decedent's incapacity and death were occasioned by occupational disease arising out of and in the course of his employment," the claim of his dependents could not be entertained because Winston had not filed a claim within the prescribed time.

On review by the full Commission the opinion was by Commissioner Nickels, who questioned the causal connection between the death of the decedent and the carbon monoxide gas, but ended up with the statement that "(T)he full Commission upon review affirms the award of November 13, 1953." Commissioner Nuckols concurred in the result, stating in his opinion "that the evidence establishes an unbroken chain of causation between the death of the workman and his injurious exposure to the hazards of carbon monoxide poisoning in the course of his employment with the City of Richmond." An award was made by the full Commission "affirming the award of November 13, 1953."

We take these opinions and awards as constituting a finding of fact that the decedent's incapacity and death were caused by an occupational disease arising out of and in the course of his employment, by which we are bound on this appeal. Code 1950, § 65-94; *Johnson* v. *Capitol Hotel*, 189 Va. 585, 588, 54 S. E. (2d) 106, 107. That finding is

amply supported by the evidence and confirmed by the admission of the city council in the joint resolution that Winston "was disabled by injuries received in the line of duty."

Section 65-46 of the Code provides that "the incapacity for work or death of any employee resulting from an occupational disease * * shall be treated as the happening of an injury by accident, or death by accident, and the employee or in case of his death his dependents shall be entitled to compensation as provided by the Act." The Hearing Commissioner found November 8, 1947, to have been the date of Winston's incapacity for work. His death occurred, as stated, on January 3, 1950.

Section 65-62 of the Code provides that if death results from the accident within six years, the employer shall pay, "subject, however, to the provisions of the other sections of this Act," to the dependents of the employee, ascertained as of the time of the accident, weekly payments for the time and within the limits specified by this section, and with the provision that when weekly payments have been made to the injured employee before his death the compensation to dependents shall begin from the date of the last of such payments but shall not continue more than 300 weeks "from the date of the injury."

One of the "other sections of this Act" to which the provisions of § 65-62 are made subject is § 65-49 of the Code, in the chapter on Occupational Diseases. As that section was in February, 1948, when Winston's illness was first diagnosed as an occupational disease, it provided as follows:

"The right to compensation under this chapter shall be forever barred unless a claim be filed with the Industrial Commission within one year after the claimant first experiences a distinct manifestation, or a diagnosis is made, whichever shall first occur, of an occupational disease; and, if death results from the occupational disease, unless a claim

therefor be filed with the Commission within one year thereafter."

Section 65-49 was later amended by Acts 1952, pp. 230-1, 1954 Cumulative Supplement to the Code,* but the changes made are not material here as Winston's death did not occur within the year after "a distinct manifestation," or "a diagnosis" of his occupational disease.

The parties seem to agree that the rights of the dependents are to be determined according to § 65-49 before the amendment. The claim of the dependents was filed within one year after Winston's death and their right to compensation depends on whether a claim must also have been filed by Winston within a year after the diagnosis in February, 1948.

Section 65-49 is in plain words. It deals with the right to compensation "under this chapter;" that is, with the right of any person to compensation under this chapter on occupational diseases. It provides that the right to compensation shall be forever barred (1) unless a claim is filed within one year after the claimant first experiences the manifestation or a diagnosis is made, *and*, if death results, (2) unless a claim therefor is filed within one year after the death.

█ The right to compensation under the workmen's compensation law is granted by statute, and in giving the right the legislature had full power to prescribe the time and manner of its exercise. When the legislature has spoken plainly it is not the function of courts to change or amend

---

*"§ 65-49. Limitation upon claim.—The right to compensation under this chapter shall be forever barred unless a claim be filed with the Industrial Commission within one year after the employee first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur; and, if death results from the occupational disease within said one year period, unless a claim therefor be filed with the Commission within one year after such death. The limitations imposed by this section as amended shall be applicable to occupational diseases contracted before and after June 28, 1952."

its enactments under the guise of construing them. The province of construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation. *Almond* v. *Gilmer*, 188 Va. 1, 14, 49 S. E. (2d) 431, 439.

Reason is not wanting for requiring that a claim shall be filed both by the employee for his disablement and by his dependents for his death. In *Whitmyre* v. *International Business Mach. Corp.*, 267 N. Y. 28, 195 N. E. 539, in holding that a New York statute quite similar to this required two notices to be given, the court said:

" * * * A single notice respecting death resulting from injury is not enough when the purpose of notice is considered. The date of death from injury may be remote from the date of the accident which caused the injury resulting in death. The purpose of the notice of an injury is to allow timely inquiry into the facts upon which an accident causing injury and arising out of and in the course of employment is claimed and to give an opportunity to the employer to furnish prompt medical service. The purpose of the notice of death is to afford a reasonable opportunity to determine whether the death did in fact result from the accident or from some other cause. * * * ." 195 N. E. at p. 540.

In *Wray* v. *Carolina Cotton &c. Co.*, 205 N. C. 782, 172 S. E. 487, the dependents were allowed to recover although the employee filed his claim too late and the statute provided: "The right to compensation under this act shall be forever barred unless a claim be filed with the Industrial Commission within one year after the accident, and if death results from the accident, unless a claim be filed with the Commission within one year thereafter." 172 S. E. at p. 488.

In that case the employee was injured on November 28, 1930, and filed his claim on April 12, 1932, which was dismissed because not filed within one year. He appealed but died on August 24, 1932, before the appeal was heard, and on September 8, 1932, his dependent mother filed her claim for compensation. The court said that with respect to the

employee it might be granted that the order denying his claim was conclusive because it was not filed within the year; that "(T)he limitation of time prescribed by the statute is mandatory and must be observed;" but that his dependents were not parties in interest to his proceeding. "Their right to compensation did not arise until his death, and their cause of action was not affected by anything he did, not even to the extent of a reduction of their compensation by payments sought by him, because no such payments were made. The basis of their claim was an original right which was enforceable only after his death." 172 S. E. at p. 488.

We think the basis of the claim of the dependents here is the occupational disease of the employee which resulted in his death. Their right to compensation does not arise, it is true, until his death, but the statute which gives the right makes it subject to the provision that it shall be forever barred unless the employee files a claim within a year and unless the dependents file a claim within a year after his death. The statute makes it just as mandatory that the employee file a claim as that the the dependents file a claim, and being mandatory "it must be observed."

The other cases relied on by the appellants, *Gibson* v. *State Compensation Com'r*, 127 W. Va. 97, 31 S. E. (2d) 555; *Industrial Commission of Ohio* v. *Davis*, 126 Ohio State 593, 186 N. E. 505; *Wilson* v. *Tittle Bros. Packing Co.*, 269 Mich. 501, 257 N. W. 873, do not construe statutes of limitation similar to the one here involved. They are to the point that the claim of the employee and the claim of his dependents are separate and independent claims. But whether they are independent as urged by the appellants, or the latter is derivative from the former as argued by the appellee, § 65-49 places a limitation on both in words too plain to be disregarded.

The cases of *Schwarz* v. *Federal Shipbuilding &c. Co.*, 29 N. J. Super. 374, 102 A. (2d) 678, and *Price* v. *Burlington &c. Co.*, 131 Neb. 657, 269 N. W. 425, are examples of claims of dependents held to be barred because the employee did not

file within the time required by the statutes of those States. In *Vukovich* v. *St. Louis &c. Co.*, 40 N. M. 374, 60 P. (2d) 356, the statute providing compensation for dependents required that the claim therefor be filed within one year after the date of the injury. The dependents urged upon the court that "injury" as used in the statute meant date of death; but the court held that the meaning impressed on the mind from the first reading of the statute was its true meaning, and that "Courts cannot read into an act something that is not within the manifest intention of the Legislature, as gathered from the statute itself." 60 P. (2d) at p. 359. As said in the *Schwarz* case, *supra*, the filing of the claims within the time prescribed is a jurisdictional requirement, and the jurisdiction of the Industrial Commission cannot be enlarged by "judicial inclination."

We hold that the claim of Winston's dependents is barred by § 65-49 of the Code unless Winston's failure to file within one year after the diagnosis of his trouble is to be excused by virtue of § 65-76 of the Code.

Section 65-76 provides: "No limitation of time provided in this Act for the giving of notice or making claim under this Act shall run against any person who is mentally incompetent or a minor dependent, so long as he has no guardian, trustee or committee."

The burden of proving mental incompetency so as to toll the running of the statute is on the claimants. *Rust Engineering Co.* v. *Ramsey*, 194 Va. 975, 982, 76 S. E. (2d) 195, 199. There is some evidence in the record tending to show mental incompetency and some indicating the contrary, but that evidence was incidental to the main inquiry and the question of mental incompetency was not put in issue at the hearing and was not fully developed. It became important only after the holding that the statute required Winston to file a claim. Up to that time the necessity for offering evidence on the subject of mental incompetency had not appeared. The claimants state in their brief that under the theory of the case as developed by them the statute of limitations did not

apply, and had they known it would be involved they could have produced evidence in addition to that already in the record that it did not run against Winston.

Under these circumstances we think there should be a hearing on the question of mental incompetency. We accordingly affirm the rulings of the Commission that Winston's disability and death were caused by an occupational disease arising out of and in the course of his employment; that under § 65-49 of the Code Winston must have filed a claim within a year from the date of the diagnosis, otherwise the claim of his dependents cannot be entertained; but we remand the case for a hearing on the question of whether Winston was relieved of filing a claim because he was mentally incompetent to do so under the provisions of § 65-76 of the Code. If he is found to have been so mentally incompetent, compensation shall be allowed his dependents as provided by the compensation statutes.

*Affirmed in part and remanded.*