# CIRCUIT COURT OF THE CITY OF RICHMOND

Division of Child
Support Enforcement,
o/b/o Cheryl E. Pierce

v.

Charles Thomas Pierce

June 30, 1997

Case No. HI-416

BY JUDGE RANDALL G. JOHNSON

This is an appeal from an order of the Juvenile and Domestic Relations District Court of the City of Richmond which affirmed an administrative decision of the Department of Social Services, Division of Child Support Enforcement (DCSE). The administrative decision, made under the provisions of chapter 13 of Title 63.1 of the Code of Virginia (§§ 63.1-249 *et seq.*), requires defendant to reimburse the Commonwealth for payments made to defendant's former wife, who is now deceased, under the Aid to Families with Dependent Children program (AFDC) for the parties' minor child, Timothy. It is defendant's position that he should not be required to make reimbursement because his ex-wife and his child were not eligible for AFDC payments, defendant contending that such payments were made only as a result of the ex-wife's fraud.

At the trial of the appeal, the court raised the question of who had the burden of proof and of going forward with the evidence; that is, whether DCSE could rely on the fact of AFDC payments as proof of the Commonwealth's entitlement to reimbursement, or whether it had to prove not only that it made AFDC payments but also that the recipient of those payments

was entitled to them. Counsel for DCSE argued that since actions of administrative agencies are presumed to be lawful (*see generally* 1A Michie's Jurisprudence, *Administrative Law*, § 18 ("A long line of cases upholds the presumptive validity which attaches to the determination of an administrative tribunal, when the determination is subject to review by the courts.")), all DCSE had to do was prove how much AFDC money was paid in order to put the burden on defendant to show why reimbursement should not be ordered. Counsel for DCSE also noted that a party alleging fraud has the burden of proving it. *Douglas v. United Co.*, 183 Va. 263, 265, 31 S.E.2d 889 (1944) ("Upon him who charges fraud rests the heavy burden of proof, and it must be established by evidence clear, cogent and convincing."). In any event, argued DCSE's counsel, even if it is shown that the AFDC payments did result from the ex-wife's fraud, that fact would make no difference since, according to DCSE, it has the power to set and enforce child support against all noncustodial parents, whether or not any type of public assistance is involved.

Counsel for defendant, on the other hand, pointed out that appeals to juvenile court of the Department's administrative decisions are trials de novo (Va. Code § 63.1-268.1), as are appeals from juvenile court to circuit court. Va. Code § 16.1-296(F). Thus, argued defendant's counsel, the burden is on DCSE to prove that defendant's ex-wife was entitled to receive AFDC payments before reimbursement can be ordered. Without then deciding the burden of proof question, the court allowed both sides to put on whatever evidence they wished and, at the end of the trial, requested counsel to submit memoranda on the burden of proof issue. Those memoranda have now been received.

First of all, the court acknowledges but rejects defendant's motion to strike DCSE's evidence because of the lateness of DCSE's memorandum; that is, that the memorandum was submitted late. The court's recollection is that DCSE had until June 20 to submit its memorandum, and the memorandum is dated June 20. The court does not know whether it was received on June 20 or on June 23.

Next, the court is still not convinced that the Department of Social Services or DCSE has the power to order support in situations where a child does not meet the eligibility criteria set out in Va. Code § 63.1-105.1. In fact, § 63.1-252.1 provides that "[i]n the absence of ... a court order or decree of divorce, the Commissioner may ... proceed against a person whose support debt has accrued or is accruing *based upon payment of public assistance* or who has a responsibility for the support of any *dependent child or children and their caretaker*." Emphasis added. The definitions of "dependent child" and

"caretaker" are set out in § 63.1-250 and, in the court's view, make it clear that those terms apply only to persons who are eligible for public assistance.

The court also notes that in *Foondle v. Sherry*, 16 Va. Cir. 396 (1989), Judge Swersky of Alexandria held that DCSE's authority under the relevant Code provisions "is limited to actions on behalf of 'dependent children' " as defined in the Code, which definition, again according to Judge Swersky, "states that the child must meet the eligibility criteria set out in Code of Virginia, § 63.1-105." This court has been presented with no argument which persuades it that Judge Swersky is wrong. While DCSE's citations to federal law are interesting, that is, that federal law requires states not to discriminate between recipients and nonrecipients of public assistance in order to receive certain federal grants, the federal statutes and regulations are not before this court. Virginia's statute is. Since Virginia's statute is clear and unambiguous, it must be enforced as it is written, even if that means the loss of federal funds. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985) ("[W]hen an enactment is unambiguous, extensive legislative history may not be used to create an ambiguity, and then remove it, where none otherwise exists."). If Virginia's statute needs fixing, it must be fixed by the General Assembly, not by this court. "When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them." *Winston v. City of Richmond*, 196 Va. 403, 407-08, 83 S.E.2d 728 (1954). Having said all of that, however, the court agrees with DCSE that it does not need to decide that question in this case.

As stated above, Va. Code § 63.1-252.1 provides that the Department may proceed against a person whose support debt has accrued or is accruing "based upon payment of public assistance." Thus, DCSE's burden in this case is to show that public assistance was paid to defendant's ex-wife, the amount of such payments, and defendant's ability to make reimbursement. The burden then shifts to defendant to show why reimbursement should not be ordered. DCSE has met its burden, and its showing has not been rebutted.

Public assistance in the form of AFDC payments was paid to defendant's ex-wife for support of defendant's child. The amount of those payments has been shown, as has the fact that defendant has the ability to make reimbursement. While defendant claims that payments were made to his ex-wife as a result of his ex-wife's fraud, he has not proved such fraud, and it is his burden to do so. Defendant also has not shown that DCSE was a willing participant in the fraud or that the AFDC payments were made negligently. In short, defendant has not carried his burden of presenting sufficient evidence to overcome DCSE's showing that it is entitled to reimbursement. If defendant

has a remedy, it is against his ex-wife or, since she is now deceased, against his ex-wife's estate. He must, however, reimburse DCSE.

From the evidence, the court finds that the Commonwealth paid $3,759.90 in AFDC payments on behalf of defendant's child. The court also finds that for the period in question, defendant's support obligation under the child support guidelines, Va. Code § 20-108.2, exceeded the amount of AFDC payments made. Accordingly, he will be ordered to repay the full amount requested by DCSE.