COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


GRAYSON MITCHELL, INC., ET AL.

MEMORANDUM OPINION[*] BY
v.        Record No. 0269-97-2        JUDGE LARRY G. ELDER
                                        SEPTEMBER 23, 1997
ERNEST JOHN HAMLETTE, JR.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Cecil H. Creasey, Jr. (Mark M. Caldwell, III;
Sands, Anderson, Marks & Miller, on brief),
for appellants.

Zenobia J. Peoples for appellee.


Grayson Mitchell, Inc. and Twin City Fire Insurance Company
(collectively "appellant") appeal an order of the Workers'
Compensation Commission (commission) awarding temporary total
disability benefits to Ernest John Hamlette, Jr. (claimant).
Appellant contends that the commission erred when it awarded
temporary total disability benefits to claimant because
(1) claimant failed to give written notice of his injury in
accordance with Code § 65.2-600 and (2) the evidence was
insufficient to support the findings that claimant's disability
was total or that he made a reasonable effort to market his
residual capacity to work. For the reasons that follow, we
affirm in part and reverse in part.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## NOTICE UNDER CODE § 65.2-600

Under Code § 65.2-600(A) and (D), an injured employee is required to give his or her employer a "written notice of the accident" "within thirty days after the occurrence of the accident . . . ."  The written notice must state "the name and address of the employee, the time and place of the accident, and the <u>nature</u> and cause <u>of</u> the accident and <u>the injury</u>."  Code § 65.2-600(B) (emphasis added).

Claimant, a truck driver, was involved in a traffic accident in North Carolina.  During and after the accident, claimant "felt a pain around [his] back."  After being informed by a paramedic at the scene that he had pulled a muscle in his back, he chose not to go to the hospital.  Claimant immediately reported the accident to appellant by using a device in his truck that communicated with appellant by satellite.  Claimant also wrote a note at the accident scene which included the details of the accident and the fact that he pulled a "muscle in lower back."  It is not disputed that this note was retrieved from the truck by claimant's supervisor the following day.  The issue is whether a report of a pulled muscle in the lower back area after a traffic accident is sufficient notice of what is later diagnosed to be a more serious back injury.

We hold that claimant's description of his back injury was sufficient to provide appellant with notice of the "nature" of

his injury under Code § 65.2-600. The purpose of the notice requirement of Code § 65.2-600 is to enable the employer to provide immediate medical treatment to the injured employee in order to reduce the seriousness of the injury and to investigate the employee's claim and prepare its defense. See Winston v. City of Richmond, 196 Va. 403, 408, 83 S.E.2d 728, 731 (1954) (citing Whitmyre v. International Bus. Mach. Corp., 267 N.Y. 28, 30, 195 N.E. 539, 540 (1935)). We have held that the failure to give any notice of an injury is reasonably excused when the employee first regards the injury as trivial but later learns through medical diagnoses that it is serious. See Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 449, 412 S.E.2d 209, 211 (1991) (citing Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969)). In a situation where an employee's failure to give notice is reasonably excused, the employer prevails if he can show that he was prejudiced. See id. at 448, 412 S.E.2d at 211; Code § 65.2-600(D). In the case before us, the commission found the notice to be "timely and proper" and went on to find that there was no prejudice to appellant. It follows logically that, if failing to give notice of an injury is reasonably excused because the employee believed that the injury was trivial, then giving timely notice of an injury that inadvertently minimizes its seriousness should also satisfy the purposes of Code § 65.2-600.

In this case, appellant's description of his back injury as

3

a "pulled muscle" satisfied the purposes of the notice requirement and therefore provided sufficient notice under Code § 65.2-600. Although claimant underestimated the seriousness of his back injury in his note to appellant, his note was sufficient to enable appellant to begin both medical treatment of claimant's injured back and an investigation of the accident. Appellant was aware that claimant was not a medical professional and that an examination by a physician would more accurately diagnose the extent of his back injury. However, despite the notice provided by claimant, appellant decided against offering claimant a panel of physicians. A subsequent medical examination initiated by claimant revealed that he had seriously injured his spine during the accident.

## II.

### EXTENT OF CLAIMANT'S DISABILITY

Appellant also contends that the commission erred when it found that claimant was entitled to total disability benefits commencing on June 5, 1995. Appellant argues that the evidence only established that claimant was partially disabled beginning on this date and that the record does not support the commission's finding that claimant reasonably marketed his remaining capacity to work from June 5 until the date of the hearing on his claim. Although we agree that the commission erroneously awarded claimant total disability benefits from June 5, 1995 until July 31, 1995, we conclude that the evidence was

4

sufficient to support the finding that claimant has been totally disabled since August 1, 1995.

The amount of compensation for injuries covered by the Workers' Compensation Act is set forth in chapter five of the Act. If the injury has caused the employee to be "totally" incapacitated, then the amount of compensation is determined by applying Code § 65.2-500. If the employee is only "partially" incapacitated by his or her injury, then the amount of compensation is determined by applying Code § 65.2-502.

> The extent of earning capacity must be ascertained from the evidence, and such is not limited to any special class of proof. All legal facts and circumstances surrounding the claim should properly be considered and due weight given them by the Commission.

Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986) (citing J. A. Foust Coal Co. v. Messer, 195 Va. 762, 766, 80 S.E.2d 533, 535 (1954)).

An employee who is partially disabled is entitled to benefits as if his incapacity was total under Code § 65.2-500 if he proves that he was unable to procure selective employment after making a reasonable effort to market his remaining capacity to work. See Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 655-56 (1985) (citing Pocahontas Fuel Co. v. Barbour, 201 Va. 682, 684, 112 S.E.2d 904, 906 (1960)). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." Grief Companies (GENESCO) v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d

5

314, 318 (1993).

> [I]n deciding whether a partially disabled employee has made reasonable effort to find suitable employment commensurate with his abilities, the commission should consider such factors as: (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Service v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989).

"On appeal, we view the evidence in the light most favorable to the prevailing party. Findings of fact made by the commission are binding on appeal if they are supported by credible evidence." Georgia Pacific Corp. v. Dancy, 17 Va. App. 128, 133-34, 435 S.E.2d 898, 901 (1993) (citations omitted); see also Celanese Fibers Co. v. Johnson, 229 Va. 117, 120-21, 326 S.E.2d 687, 690 (1985).

## A.
### EXTENT OF CLAIMANT'S DISABILITY
### FROM JUNE 5, 1995 TO JULY 31, 1995

We hold that the commission erred when it awarded claimant total disability benefits for the period of time beginning on June 5, 1995 and ending on July 31, 1995. First, the evidence does not support a finding that claimant was "totally" disabled during this period of time. The only evidence in the record

6

regarding claimant's capacity during this time is the medical records of Dr. Prince, which indicate that claimant was only partially disabled. Following his examination of claimant on June 5, Dr. Prince concluded that claimant suffered from a "right lumbar sacral radiculopathy [and] . . . underlying disc disease" and restricted claimant from lifting any objects in excess of ten pounds. However, the doctor did not conclude that claimant was incapable of working altogether. Dr. Prince examined claimant again on June 19, July 6, and July 25 and his notes indicate that he did not modify the restriction he had earlier placed on claimant's work.

In addition, the evidence is insufficient to support the commission's conclusion that claimant reasonably marketed his residual capacity to work from June 5 through July 31. The only evidence in the record regarding claimant's marketing effort is claimant's testimony at the hearing before the deputy commissioner. He testified that between June 5, 1995 and the date of the hearing on May 1, 1996, he registered with the Virginia Employment Commission (VEC) and unsuccessfully sought work within his capacity at high schools, a hospital, a filling station and a grocery store. However, when appellant's counsel asked claimant to specify the exact dates of these efforts, his testimony did not establish that he had made any of these marketing efforts between June 5, 1995 and July 31, 1995. He testified that he last contacted the VEC in April 1996 and that

7

he sought employment at the grocery store between January 1996 and April 1996.  Otherwise, claimant testified that he was unable to remember the "exact dates" of his efforts to find employment.  Because this evidence does not support the conclusion that he made reasonable efforts to seek employment between June 5, 1995 and July 31, 1995, the commission erred when it awarded claimant total disability benefits during this time period.

B.
EXTENT OF CLAIMANT'S DISABILITY

FROM AUGUST 1, 1995 TO THE PRESENT

We hold that the evidence was sufficient to support the finding of the deputy commissioner that claimant was "totally disabled from August 1, 1995 and continuing."[1]  On April 24, 1996, Dr. Salvant issued a "disability certificate" that stated that claimant was "totally incapacitated from August 1, 1995 thr[ough] August 15, 1996."  At his deposition, Dr. Salvant stated that interpreting the language of this certificate literally to mean that claimant "was totally incapacitated from any type of work until his [next appointment]" was consistent with the advice the doctor had previously given to claimant.  Viewing the certificate and Dr. Salvant's testimony in the light

_____

[1]In its award, the full commission did not address this finding by the deputy commissioner.  However, it implicitly affirmed this finding by affirming the deputy commissioner's award of total disability benefits during this time period.  Thus, on appeal, we review the sufficiency of the evidence supporting the deputy commissioner's finding that claimant has been totally disabled since August 1, 1995.

8

most favorable to claimant, this evidence supports the deputy commissioner's finding that claimant's incapacity was total beginning on August 1, 1995 and continuing to the present. <u>See</u> <u>Celanese Fibers Co.</u>, 229 Va. at 120-21, 326 S.E.2d at 690.

For the foregoing reasons, we reverse the portion of the commission's award providing total disability benefits to claimant from June 5, 1995 through July 31, 1995. We affirm the remaining portions of the commission's award.

<u>Affirmed in part and reversed in part</u>.