COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


NEWELL E. WHITEHEAD, JR.

MEMORANDUM OPINION[*]

v.    Record No. 2975-98-1               PER CURIAM
                                         JULY 27, 1999

CITY OF PORTSMOUTH FIRE DEPARTMENT


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

James T. Martin (Lieberman & Martin, on
brief), for appellant.

William C. Walker (Donna White Kearney;
Bradford C. Jacob; Taylor & Walker, on
brief), for appellee.


Newell E. Whitehead (claimant) appeals the decision of the

Workers' Compensation Commission (commission) denying his claim

for temporary total disability and related benefits arising from

an occupational disease.  Contrary to the finding of the

commission, claimant contends that the evidence entitled him the

statutory presumption of Code § 65.2-402(C) and attendant relief.

We disagree and affirm the commission.

On review, we construe the evidence in the light most

favorable to the party prevailing below, employer in this

instance.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va.

App. 503, 504, 339 S.E.2d 916, 916 (1986).  Factual findings by

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the commission supported by credible evidence are conclusive and binding upon this Court on appeal.  See Rose v. Red's Hitch & Trailer Servs., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

The pertinent facts are substantially uncontroverted. Claimant had been employed as a firefighter for the City of Portsmouth since 1965.  On September 22, 1995, he was diagnosed with prostate cancer, an ordinary disease of life of unknown etiology.  Claimant's evidence, however, documented an exposure to cadmium, a substance identified as carcinogenic by the International Agency for Research on Cancer (IARC), as a suspected cause of prostate cancer.  Following necessary surgical intervention on November 10, 1995, claimant returned to work on January 6, 1996, and the parties stipulate that he was disabled during the recuperative period.  They disagree, however, with respect to the cause and compensability of claimant's incapacity.

Code § 65.2-402(C), provides, in pertinent part, that prostate cancer,

> caused by a documented contact with a toxic
> substance that a . . . fire fighter . . .
> has encountered in the line of duty and that
> causes . . . any health condition or
> impairment[,] . . . shall be presumed to be
> an occupational disease, suffered in the
> line of duty, that is covered by this title,
> unless such presumption is overcome by a
> preponderance of competent evidence to the
> contrary.  For the purposes of this section,
> a "toxic substance" is one which is a known
> or suspected carcinogen, as defined by the
> International Agency for Research on Cancer

-

[IARC], and which causes, or is suspected to cause, . . . prostate . . . cancer.

In denying the claim, the commission concluded that "[t]he clear language of the section imposes a burden on the employee to prove a causal relationship between the toxic substance[,] exposure and the cancer," evidence not extant in the instant record.  Thus, the commission determined that claimant "has not satisfied the threshold burden of proof . . . required before the presumption applies."  Claimant appeals, challenging only the commission's construction of Code § 65.2-402(C) to require proof of causation.

It is well established that "[t]he province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." Winston v. City of Richmond, 196 Va. 403, 408, 83 S.E.2d 728, 731 (1954) (citation omitted).  "Words are ambiguous if they admit to 'being understood in more than one way[,]' refer to 'two or more things simultaneously[,]' . . . are 'difficult to comprehend,' 'of doubtful import,' or lack 'clearness and definiteness.'" Diggs v. Commonwealth, 6 Va. App. 300, 301-02, 369 S.E.2d 199, 200 (1988) (quoting Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)).  If "the words of [a] statute are clear and unambiguous," we "give them their plain meaning," and the "general rules of statutory construction" are unnecessary. Diggs, 6 Va. App. at 302, 369 S.E.2d at 200; see Commonwealth v. May Bros., Inc., 11

-

Va. App. 115, 118, 396 S.E.2d 695, 696 (1990).  The judiciary may not "change or amend [legislative] enactments under the guise of construing them."  Winston, 196 Va. at 407-08, 83 S.E.2d at 731.

Code § 65.2-402(C) explicitly provides that the presumption of occupational disease applies to prostate cancer "that is caused by a documented contact with a toxic substance." (Emphasis added).  Thus, the commission correctly concluded that claimant was not entitled to the statutory presumption of occupational disease without proof that exposure to the toxic substance cadmium "caused or contributed to cause, his prostate cancer," evidence clearly absent from the instant record.[1]

Accordingly, the presumption does not apply to the claim, and we affirm the decision of the commission.

Affirmed.

---

[1] During the 1999 session, the General Assembly amended Code § 65.2-402(C) to remove causation as a predicate to the occupational disease presumption.  The amended statute is not before the Court in the instant appeal.

-