COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


SEARS ROEBUCK & COMPANY,
  INDEMNITY INSURANCE COMPANY
  OF NORTH AMERICA/ESIS, INC. AND          MEMORANDUM OPINION[*] BY
  SEDGWICK CMS                              JUDGE RANDOLPH A. BEALES
                                            FEBRUARY 9, 2010
v.     Record No. 0872-09-2

WILLIAM LARRY CRUSE


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Angela F. Gibbs (Kevin W. Cloe; Midkiff, Muncie & Ross, on
            brief), for appellants.

            No brief or argument for appellee.


        Sears Roebuck & Company and its insurers (Sears) appeal from a decision of the

Workers' Compensation Commission (the commission) that denied Sears's request for a hearing

on its claim that William L. Cruse (claimant) filed his claim for benefits after the statute of

limitations had run.[1]  After reviewing the posture of this case and the relevant case law, we find

the commission erred.  Therefore, we remand for a hearing on the statute of limitations issue.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Sears listed six questions presented in its appellate brief.  All six questions contend that
the commission erred in exercising its jurisdiction in this case because the claimant did not file
for benefits within two years of the workplace accident.  Given the similarity in Sears's
questions, we have consolidated them for the purposes of this appeal and do not address them
individually.

## I.  BACKGROUND

On August 10, 2005, claimant was injured while working for Sears.  Sears filed an accident report approximately one month later.  Claimant filed a claim for benefits with the commission on August 16, 2007.

When the commission held its hearing on the claim, no representative of Sears was in attendance.  Claimant appeared and testified about the events that led to his workplace accident. He also explained that Sears's operations manager told him after the accident to go to the doctor and that the manager said, "Sears will take care of it, we'll pay for it."  The doctor prescribed physical therapy, which Sears's insurance carrier refused to cover.  Claimant testified that when he informed his manager that the carrier refused to pay for the physical therapy, the manager said that claimant should go to physical therapy and "we'll pay for it."  However, Sears never paid any of claimant's medical bills.  Sears did give claimant light duty work and paid him regular wages for a short time after the accident, and then Sears fired claimant.

The commission found claimant's injury was compensable and awarded him medical expenses related to the injury.[2]  The deputy commissioner issued a written opinion on January 17, 2008, which did not mention the statute of limitations, and neither party then asked for review of this opinion by the full commission.  On August 8, 2008, Sears filed a motion to vacate the award, contending that claimant did not file his claim for benefits before the statute of limitations had run and, therefore, that the commission did not have jurisdiction to enter the award.  Sears asked for an evidentiary hearing to address its contentions.  The commission denied Sears's motion for a hearing and its motion to vacate, finding that the award had become

---

[2] Claimant had not lost more than seven days of work, so he was not eligible for compensation.

final and that the statute of limitations was not a subject matter jurisdiction issue. Sears then filed an appeal to this Court.

## II. ANALYSIS

Sears argues that the commission should have set its motion to vacate claimant's award for an evidentiary hearing and should have granted its motion to vacate because claimant did not file for benefits within the two-year statute of limitations found in Code § 65.2-601. Essentially, Sears argues that the award of medical benefits to claimant is void, rather than voidable, and, thus, the award can be attacked at any time. Claimant has opted not to file any response to this argument.

Sears claims that the language of Code § 65.2-601 supports its position that the award is void rather than voidable. This statute states, "The right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." This wording, considered in isolation, provides some support to Sears's argument. However, the next statute in the Code, § 65.2-602, *specifically does* allow for some tolling of this period. For example, under that code section, if an employer received an initial notice of the accident and either "paid compensation or wages to such employee during incapacity for work" or "failed to file the report of said accident" in compliance with Code § 65.2-900, then the two-year limitation will sometimes be tolled for the time during which the employer made those payments.[3] Thus, the Workers' Compensation Act, when examined as a whole, clearly does not always "forever"

---

[3] Because claimant did not file a brief in this case, we have heard no argument on whether claimant's rights were prejudiced by Sears's payment of light duty wages to him or by Sears's failure to notify the commission of the injury within ten days of the accident, as required by Code § 65.2-900, nor is the issue of equitable estoppel raised, see Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 416 S.E.2d 708 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993). In addition, these issues were not explicitly raised before the commission and are not mentioned in its opinion letter. These issues, as well as others that the parties or the commission deems appropriate, may be considered on remand.

bar a claim if it is not filed within exactly two years of the occurrence of the workplace accident. See Ipsen v. Moxley, 49 Va. App. 555, 561-62, 642 S.E.2d 798, 800-01 (2007) (noting that one statute should not be reviewed in isolation, but that the Code and its Titles should be interpreted as a unified whole); see also Sanger v. Nightingale, 122 U.S. 176, 184-86 (1887) (finding a Georgia statute of limitations that used the language "forever barred" was "an ordinary statute of limitations").

Sears also cites a number of decisions from the Virginia appellate courts, claiming these opinions support its position that the award here is void. While none of these cases present the same posture as the case currently before this Court,[4] these cases do state that the Workers' Compensation Act's statute of limitations for initial claims "is jurisdictional and that failure to file within the prescribed time will bar a claim." Barksdale v. H.O. Engen, Inc., 218 Va. 496, 497, 237 S.E.2d 794, 795 (1977); see also Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 793, 407 S.E.2d 1, 2-3 (1991) (noting that the statute of limitations for an initial claim "is jurisdictional," but finding that the statute of limitations for a change in condition claim "is not jurisdictional and may be waived by the employer"). In Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191, 193 (1973), the Supreme Court explained, "It is well settled that a claimant under the workmen's compensation law must show that his original claim was timely filed, for such filing within the statutory period is jurisdictional." The Supreme Court has also stated, in Blue Diamond Coal Co. v. Pannell, 203 Va. 49, 50, 122 S.E.2d 666, 667 (1961), that the statutory period "is jurisdictional, the burden resting with the claimant to prove that the claim was timely filed." In Barksdale, the Supreme Court further explained that the statute of limitations for the Act is a "special limitation" and "a part of the right as well as the remedy,"

---

[4] All of the cases cited by Sears involve direct appeals of an award by the commission, not motions that were made to the commission sometime after the award became final.

making it "a condition precedent to maintenance of the claim." 218 at 498, 237 S.E.2d at 796. In Stuart Circle Hospital v. Alderson, 223 Va. 205, 208, 288 S.E.2d 445, 447 (1982), a case in which the hospital argued from the beginning that any award was void as the claim was not filed before the statute of limitations had run, the Supreme Court stated, "Jurisdiction in this case cannot be conferred on the Commission by consent." The Supreme Court went on to find in Stuart Circle Hospital that the claimant had presented no evidence of fraud, concealment, or false representation and, therefore, the statute of limitations had not tolled. Id. at 208-09, 288 S.E.2d at 447.

"Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies. The lack of subject matter jurisdiction may be raised at any time during a proceeding, even by this Court *sua sponte*." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999). The concept of "jurisdiction" has caused numerous problems for courts.

> "'Jurisdiction' is a word of many, too many meanings." United States v. Vanness, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996), quoted with approval in Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 90 (1998).

> "Clarity would be facilitated if courts and litigants used the label 'jurisdictional,' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick v. Ryan, 540 U.S. 443, 455 (2004).

Hitt Constr. v. Pratt, 53 Va. App. 422, 425-26, 672 S.E.2d 904, 905 (2009).

Given the posture of the Virginia cases cited by Sears and the difficulties inherent in any discussion of "jurisdiction," see, e.g., Nelson v. Warden, 262 Va. 276, 552 S.E.2d 73 (2001) (reversing earlier precedent that had found a failure to follow a notification requirement voided the "jurisdiction" of the trial court), as well as the failure of claimant to file any brief that would

present his argument and the authority for it, we are hesitant to rule that the commission had no subject matter jurisdiction when it awarded medical benefits to claimant. However, Sears does not simply ask this Court to void the award. Instead, Sears asks this Court to remand the case and to order that the commission hold an evidentiary hearing on whether the statute of limitations should have precluded an award to claimant. We find that this request is appropriate given the circumstances presented in this appeal.

In American Mutual Liability Ins. Co. v. Hamilton, 145 Va. 391, 403-05, 135 S.E. 21, 24-25 (1926), although the Supreme Court noted that the statute of limitations for workers' compensation cases created a jurisdictional issue, the Court also noted that principles "of legal fraud and estoppel" can prevent an employer from raising a jurisdictional issue based on the statute of limitations. The Court concluded that, "[u]nder the circumstances of this case it makes no difference" whether the statute of limitations had run because the commission had found that the employer was estopped from raising the issue, effectively tolling the statute of limitations, and the Court affirmed the award of benefits to Hamilton. Id. at 407-08, 135 S.E. at 25-26.

In Winston v. City of Richmond, 196 Va. 403, 83 S.E.2d 728 (1954), the Supreme Court faced a similar issue involving the statute of limitations. However, as the employer had never raised the statute of limitations issue before the commission, no factual findings regarding estoppel or tolling had been made by the commission. Id. at 410-11, 83 S.E.2d at 732. Nevertheless, the record did include some indication that a tolling provision of the statute of limitations might apply to allow Winston's claim to go forward. Id. at 410, 83 S.E.2d at 732. The Court found, "[u]nder these circumstances," it was appropriate to "affirm the rulings of the [c]ommission," but also to "remand the case for a hearing" on the question of the statute of limitations and the possibility that it was tolled. Id. at 411, 83 S.E.2d at 733.

We find that <u>Winston</u> most nearly addresses the issues raised by Sears.  The commission here did not address the issue of the statute of limitations, perhaps in part because Sears failed to appear at the hearing.  Claimant did not explicitly raise any issues regarding tolling during the hearing before the commission, although some evidence in the record suggests that the statute of limitations in this case might be properly tolled for a period of time.  Thus, we conclude that this case, as in <u>Winston</u>, should be remanded for an evidentiary hearing on the statute of limitations and any tolling or estoppel provisions that may apply.

### III.  CONCLUSION

We find that the commission erred in refusing Sears's request for an evidentiary hearing on statute of limitations issues in this case.  Therefore, we reverse that ruling and remand this case to the commission for action consistent with this opinion.

<u>Reversed and remanded.</u>